# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR08-0010-LRR |
| vs. | |
| MELVIN JORDAN III, | ORDER |
| Defendant. | |

The matter before the court is the defendant's pro se motion to modify his judgment and commitment (docket no. 59). The defendant filed such motion on January 21, 2010.

Regarding the instant motion, the defendant filed it while represented by counsel who the court appointed on December 11, 2009. This is impermissible. The defendant does not have a constitutional right to hybrid representation, that is, the defendant must choose either to proceed pro se or to utilize the full assistance of counsel who would present his defense. *See United States v. Swinney*, 970 F.2d 494, 498 (8th Cir. 1992); *see also United States v. Lewis*, 738 F.2d 916, 924 (8th Cir. 1984) (stating "[a] defendant in a criminal case does not have a constitutional right both to represent himself and to be represented by counsel" (citing *United States v. Olson*, 576 F.2d 1267, 1270 (8th Cir. 1978))); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976) (stating "a criminal defendant has a right to represent himself or, alternatively, to be represented by counsel" (citing *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975))); *cf. United States v. Blum*, 65 F.3d 1436, 1443 n.2 (8th Cir. 1995) (noting it is Eighth Circuit policy to refuse to consider pro se filings when a party is represented by counsel (citing *Hoggard v. Purkett*, 29 F.3d 469, 472 (8th Cir. 1994))). Because he is currently being represented by John Bishop, the court need not address the instant motion.

Accordingly, the defendant's pro se motion to modify his judgment and commitment (docket no. 59) is denied without prejudice. If counsel deems it appropriate to have the court address the issues raised by the defendant, counsel is directed to resubmit them. The clerk's office is directed to send a copy of this order to the defendant.

Having determined that it is appropriate to deny the instant motion without prejudice, the court need not address the merits of the instant motion. Nonetheless, the court deems it appropriate to make several observations. First, the defendant did not cite to or rely on a particular rule or statute that permits the court to modify his judgment. Second, the court sentenced the defendant to a term of 169 months imprisonment on September 4, 2008. The Second Chance Act applies almost exclusively to people leaving prison; it does not give shorter sentences to people who are already in prison. Lastly, implementation of the Second Chance Act falls on the Bureau of Prisons, not the court. When considering how best to help people leave prison and reenter their communities, the Bureau of Prisons exercises discretion. The Second Chance Act directs, but does not require, the Bureau of Prisons to consider giving federal prisoners longer stays in halfway houses.

**IT IS SO ORDERED**.
**DATED** this 26th day of January, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA